Kareemah Yasmina Bell, Washington, DC, pro se.

BEFORE :GINSBURG, Chief Judge, and BROWN and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. It is

**ORDERED AND ADJUDGED** that the district court's order filed February 9, 2007, be affirmed. The district court properly dismissed the case for lack of subject matter jurisdiction because it is not a civil action arising under federal law, *see* 28 U.S.C. § 1331, or between citizens of different states with an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332; nor does the complaint allege any other basis for the district court's jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**Kareemah Yasmina BELL, Appellant**

v.

**Valerie KITCHINGS, Department of Employment Services, Appellee.**

No. 07–7024.

United States Court of Appeals, District of Columbia Circuit.

June 14, 2007.

Kareemah Yasmina Bell, Washington, DC, pro se.

Edward Eugene Schwab, Deputy Attorney General, Office of Attorney General for the District of Columbia, Office of the Solicitor General, Washington, DC, for Appellee.

BEFORE: GINSBURG, Chief Judge, and BROWN and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. It is

**ORDERED AND ADJUDGED** that the district court's order filed February 9, 2007, be affirmed. The district court properly dismissed the case for lack of subject matter jurisdiction because it is not a civil action arising under federal law, *see* 28 U.S.C. § 1331, or between citizens of different states with an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332; nor does the complaint allege any

other basis for the district court's jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**Kareemah Yasmina BELL, Appellant**

v.

**Archie L. DAVENPORT, The George Washington University Hospital, Appellee.**

**No. 07–7021.**

United States Court of Appeals, District of Columbia Circuit.

June 14, 2007.

Kareemah Yasmina Bell, Washington, DC, pro se.

BEFORE: GINSBURG, Chief Judge, and BROWN and KAVANAUGH, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. It is

**ORDERED AND ADJUDGED** that the district court's order filed February 6, 2007, be affirmed. The district court properly dismissed the case for lack of subject matter jurisdiction because it is not a civil action arising under federal law, *see* 28 U.S.C. § 1331, or between citizens of different states with an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332; nor does the complaint allege any other basis for the district court's jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**Kareemah Yasmina BELL, Appellant**

v.

**NORDSTROM and Stacie Bell, Manager of Studio 121, Appellees.**

**No. 07–7022.**

United States Court of Appeals, District of Columbia Circuit.

June 14, 2007.